**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

-----------------------------------------------------------------X
JANE DOE, a minor by her mother and natural guardian,
JAKLYN BROWN, and JAKLYN BROWN, Individually,

Civil Action No.
1:19-cv-01027

PLAINTIFF

-against-

Second Amended
COMPLAINT

HARRISBURG SCHOOL DISTRICT
d/b/a ROWLAND ACADEMY;
J. PATRICK NEWTON,
in his individual and official capacity;
SYBIL KNIGHT-BURNEY,
in her individual and official capacity;
Minor MH; IMANI CROWDER
in her individual and official capacity;
AND QUINTON COBB,
in his individual and official capacity.

**Plaintiff Demands A Trial by Jury**

DEFENDANTS
-----------------------------------------------------------------X

Plaintiff, Jane Doe, a minor by her mother and natural guardian, Jaklyn Brown, and Jaklyn Brown, Individually, by and through their attorneys, Derek Smith Law Group, PLLC, upon information and belief, complains against Defendants as follows:

## NATURE OF THE CASE

1. Plaintiffs brings this action, charging that the Defendant violated Plaintiff Doe's rights pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as more fully set forth herein.
2. Plaintiffs also brings this action to redress the deprivation of Plaintiffs' constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.
3. Plaintiffs also seeks to remedy violations of the laws of Pennsylvania State, Pennsylvania Common law, and Harrisburg City to redress the injuries Plaintiffs have suffered as a result of being harassed and discriminated against on the basis of her sex/gender, and for making complaints about such discrimination.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331, which gives the district court's jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.
5. This court has jurisdiction in that this action involves a Federal Question.
6. This Court has supplemental jurisdiction under 28 U.S.C. §1367.

7. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of the civil rights.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b), since Defendant HARRISBURG SCHOOL DISTRICT and ROWLAND ACADEMY are located in this judicial district and a substantial part of the events which give rise to the claim herein occurred in this district.

## **PARTIES**

9. Plaintiff Jane Doe (hereinafter referred to as "Plaintiff Doe") is a female minor.

10. Plaintiff Doe brings this action through her mother and natural guardian Plaintiff Jaklyn Brown (hereinafter referred to as "Plaintiff Brown").

11. Plaintiff Brown also brings this case in her individual capacity.

12. The minor Plaintiff is referred to herein as Plaintiff Doe due to the extreme hardship such revelation of her identity would cause and the need to protect victims of sexual violence.

13. The identity of the victim is known to Defendants and will be made available for any and all court proceedings.

14. At all times material, Plaintiffs were residents of the County of Dauphin, Commonwealth of Pennsylvania, in the Eastern District of Pennsylvania.

15. At all times material, Plaintiff Doe was a student attending Defendant Rowland Academy, a middle school within Defendant Harrisburg School District (hereinafter referred to as "The School District d/b/a Rowland" and "Defendant The School District" and Defendant Rowland") located in Defendant City of Harrisburg.

16. Defendant The School District d/b/a Rowland is a governmental entity receiving Federal financial assistance, located in the County of Dauphin, Commonwealth of Pennsylvania, which provides free public education to students in the Harrisburg area.

17. At all times material, the Superintendent, Dr. Sybil Knight-Burney (hereinafter referred to as "Defendant Knight-Burney"), was an agent and/or

employee of Defendant The School District, and at all times relevant was one of the primary legal official responsible for any policy, custom, practice and other decision governing actions relevant to this matter.

18. Furthermore, Defendant Knight-Burney at all times relevant acted or failed to act within the scope, course, and authority of her employment and her employer, and in her individual capacity.

19. At all times material, J. Patrick Newtown (hereinafter referred to as "Defendant Principal Newton"), was an agent and/or employee of Defendant The School District specifically assigned to work at Defendant Rowland, and at all times relevant was one of the primary legal official responsible for any policy, custom, practice and other decision governing actions relevant to this matter.

20. Furthermore, Defendant Principal Newton at all times relevant acted or failed to act within the scope, course, and authority of his employment and his employer, and in his individual capacity.

21. At all times material, Defendant Imani Crowder (hereinafter "Defendant Crowder"), was an agent and/or employee of Defendant The School District specifically assigned to work at Defendant Rowland, and at all times

relevant was the primary legal official responsible for any policy, custom, practice and other decision governing actions relevant to this matter.

22. Furthermore, Defendant Crowder at all times relevant acted or failed to act within the scope, course, and authority of her employment and her employer, and in her individual capacity.

23. At all times material, Quinton Cobb (hereinafter "Defendant Cobb") was an agent and/or employee of Defendant The School District specifically assigned to work at Defendant Rowland, and at all times relevant acted or failed to act within the scope, course, and authority of his employment and his employer, and in his individual capacity.

24. At all times material, Plaintiff Doe's attacker, "MH", was a minor student attending Defendant The School District d/b/a Rowland.

25. At all times material Defendants Principal Newton and Defendant Knight Burney were acting in their individual and official capacities,

26. At all times material Defendants Crowder and Cobb were acting in their individual capacities.

## APPLICABLE LAW AND POLICY

27. Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a), states that

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…

28. Title IX is implemented through the Code of Federal Regulations. See 34 C.F.R. Part 106

29. 34 C.F.R. § 106.8(b) provides:

> …A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action would be prohibited by this part.

30. In *Davis v. Monroe County Board of Education,* 526 U.S. 629 (1999), the United States Supreme Court extended the private damages action recognized in *Gebser* to cases where the harasser is a student rather than a teacher.

31. *Davis* held that a complainant may prevail in a private Title IX damages action against a school district in cases of student-on-student harassment where the funding recipient is

a) Deliberately indifferent to sexual harassment of which the recipient has actual knowledge, and

b) The harassment is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits by the school.

*Davis,* 526 U.S. at 1669-76

32. The Fourteenth Amendment to the United States Constitution provides in pertinent part that no State shall, "deny to any person within its jurisdiction the equal protection of the laws" U.S. Const. amend. XIV, § 1.

33. Defendant The School District's Board of Education has also adopted anti-harassment policy 248. That policy defines harassment to include "verbal, written, graphic or physical conduct relating to an individual's race, color, national origin/ethnicity, sex, age, disability, sexual orientation or religion…" the policy further states that the conduct is considered harassment if it "[i]s sufficiently severe, persistent or pervasive that it affects an individual's ability to participate in or benefit from an educational program or activity or creates an intimidating, threatening or abusive educational environment."

34. According to Defendant The School District's harassment policy 248, once the incident is reported, the building principal shall immediately notify the Compliance Officer who will authorize the principal to perform an investigation consisting of individual interviews of complainant, accused, and potential witnesses. The building principal shall submit a written report to the Compliance Officer within fifteen (15) days, unless additional time is required which must be approved by the Compliance Officer. The report will summarize the investigation and determine whether the complaint is substantiated by the facts. Both complainant and accused shall be informed of the outcome. If the investigation results in a finding that the complaint is factual and violated the policy, Defendant The School District will then take prompt, corrective action to ensure such conduct ceases.

## STATEMENT OF FACTS

35. At all times material, Defendant The School District d/b/a Rowland was receiving federal funding, as contemplated by Title IX, 20 U.S.C. § 1681, et seq.

36. Defendant The School District d/b/a Rowland implemented and executed policies and customs regarding the events that resulted in the deprivation of Plaintiff Doe's constitutional, statutory, and common-law rights.

37. At all times giving rise to the events complained of herein, Plaintiff Doe was a 15-year-old 8th grade female student at Defendant Rowland.

38. At the time of the attack that gave rise to this action, student "MH" was an 8th grade male student at Defendant Rowland.

39. On December 19, 2018, during "Special Time" at Defendant Rowland, Defendant MH violently and forcibly sexually assaulted and raped Plaintiff Doe in a bathroom.

40. The bathroom is located in the basement of Defendant Rowland near the library and does not have a lock on the door.

41. This is the only student accessible bathroom located on the basement floor.

42. The bathroom is a single-occupancy, gender-neutral bathroom.

43. Both school and classroom policy require that students receive permission from the teacher and a bathroom pass when they need to use the bathroom.

44. Upon information and belief, neither school nor classroom policy addresses or limits the number of students that can be granted a bathroom pass at any given point.

45. Plaintiff Doe received permission from Defendant Crowder.

46. Upon information and belief, Defendant Crowder was aware of Defendant MH's sexually aggressive behavior towards other students.

47. Upon information and belief, Defendants knew or should have known of MH's deviant sexual propensities and that MH was a danger to other students, including Plaintiff Doe and that Defendants failed to take appropriate action to prevent MH from sexually assaulting Plaintiff Doe.

48. Upon information and belief, Defendant Crowder was aware of Plaintiff Brown and Plaintiff Dpe's previous complaints about sexually aggressive behavior by Defendant MH towards Plaintiff Doe.

49. Defendant Crowder willfully ignored the above and the fact that a male child and a female child could not both use a single-occupancy, gender-neutral bathroom at the same time.

50. At all times material, Defendants knew or should have known that sexual assaults occurred in the bathrooms at Defendants' schools when students were not properly supervised or properly restricted in access to the bathroom.

51. Furthermore, upon information and belief, Defendant Crowder granted Defendant MH a bathroom pass to use the bathroom while Plaintiff Doe was

still out of the classroom,with her bathroom pass, for the purposes of using the bathroom.

52. While Plaintiff Doe and Defendant MH were both out of the classroom with bathroom passes for purposes of using the bathroom Defendant MH entered the bathroom occupied by Plaintiff Doe while she was pulling up her pants.

53. Defendant MH proceeded to attack and grab Plaintiff Doe.

54. Plaintiff Doe attempted to fight him off and scream for help, but MH covered her mouth and raped her.

55. Plaintiff Doe, however, put up a physical struggle and resisted the rape.

56. Despite her best efforts, Plaintiff Doe, could not get MH off of her because he was stronger than she.

57. During the violent rape Defendant MH repeated, "be quiet," numerous times to Plaintiff Doe.

58. Upon information and belief, Defendant MH stated this in a voice loud enough to be heard from the hallway.

59. While the incident was occurring, the janitor of Defendant Rowland, Defendant Cobb, walked by the bathroom and took no action to come into the bathroom to stop the violent rape.

60. There was sufficient noise emanating from the bathroom that Defendant COBB, knew or should have known that Plaintiff Doe was in danger and/or being assaulted.

61. Furthermore, Defendant Cobb did nothing to secure any evidence from the bathroom after the events took place.

62. Plaintiff Doe lacerated MH's right arm during the incident.

63. When Defendant MH was finished raping Plaintiff Doe, he proceeded to use the toilet in front of Plaintiff Doe.

64. Upon information and belief, Defendant MH had previously engaged in similar behavior with other students, as was known to Defendants, who took no action on that information and failed to protect Plaintiff Doe from being violently raped by Defendant MH.

65. A few weeks after the incident Plaintiff Doe told another female student what had happened.

66. That female student began sharing the details with other students. Other students began to harass and bully Plaintiff Doe.

67. Plaintiff Doe was informed that Defendant MH was going to "beat her up if she kept talking about it."

68. On January 12, 2019, Plaintiff Doe wrote a letter to her mother, Plaintiff Brown disclosing that four (4) weeks prior, she, Plaintiff Doe, was using the bathroom, when a boy she knew to be Defendant MH, entered the bathroom and forcibly raped her.

69. That Monday, January 14, 2019, Plaintiff Brown went to Defendant Rowland.

70. Plaintiff Brown asked to speak to Defendant Principal Newtown.

71. Plaintiff Brown informed Defendant Principal Newtown that Plaintiff Doe was sexually assaulted.

72. Defendant Principal Newtown informed Plaintiff Brown that he had already been contacted by the authorities and was aware of the situation.

73. Plaintiff Brown requested Defendant Principal Newtown remove Plaintiff Doe from any of the classes which she shared with Defendant MH for the time being while an investigation into the allegations was conducted.

74. Rather than take swift and appropriate action, Defendant PRINPrincipal Newtown told Plaintiff Brown that he needed proof of the rape and the detective's contact information because Plaintiff Doe has, "lied before" and Plaintiff Doe is "lying this time."

75. Plaintiff Brown, hurt and angry, "cursed" at Defendant Principal Newtown in his office.

76. Rather than take action regarding the sexually aggressive behavior of Defendant MH, Defendant Principal Newtown retaliated against Plaintiff Brown by filing a police report with the Harrisburg Police Department.

77. On January 15, 2019, Defendant Principal Newtown further retaliated against Plaintiff Brown by sending her a letter indicating that Plaintiff Brown was banned from entering Defendant Rowland and the school grounds. The ban was in place from the date of the letter until further notice. The ban was allegedly put in place due to Plaintiff Browns's conduct on January 14, 2019, where she "cursed" at Defendant Principal Newtown in his office.

78. On January 16, 2019, Plaintiff Brown filed a complaint with Defendant the School District against Defendant Principal Newtown and Defendant MH, stating Defendant Principal Newtown was refusing to separate Defendant MH from Plaintiff Doe until the end of the investigation was conducted by Detective Powell of the Harrisburg Police Department. Plaintiff Brown further stated in her complaint that, "My daughter cannot go to school and be faced with the perpetrator."

79. Plaintiff Brown's desired outcome from her complaint was, "[f]or [MH] to be separated and security monitor that there is separation from [Plaintiff Doe] and an apology from Defendant Principal Newtown] suggesting the victim is a liar. That's not his job and a matter for police to determine."

80. Rather than take swift and appropriate action, Defendants The School District d/b/a Rowland, Defendants Principal Newtown, and Defendant Crowder delayed the resolution of the matter.

81. Rather than take swift and appropriate action, Defendants Principal Newtown, and Defendant Crowder kept Plaintiff Dpe in the same classes as Defendant MH.

82. Every one of those days that Plaintiff Doe's rapist, Defendant MH, was still in her classes, Plaintiff Doe would fear seeing him and was forced to mentally relive the traumatic rape.

83. Every time Plaintiff Doe would see her rapist, Defendant MH, she would suffer severe emotional trauma, flashbacks and exacerbation, aggravation, and activation of post-traumatic stress disorder, anxiety, and depression.

84. Every time Plaintiff Doe would see her rapist, Defendant MH, she would fear being raped by him again.

85. As a result of Defendants' actions, Plaintiff Doe felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

86. As a result of Defendants' actions, Plaintiff Doe's previously high grades dropped as she became unable to concentrate on her studies.

87. After Plaintiff Brown filed the complaint with Defendant The School District about Defendants Principal Newtown and Defendant MH, Plaintiff Brown received a notice letter concerning unexcused absences on Plaintiff Doe's record.

88. The notice letter was dated January 15, 2019. The notice listed unexcused absences for October 18, 2018, December 21, 2018, and January 14, 2019.

89. Upon information and belief, this letter was issued in retaliation for Plaintiff Doe and Plaintiff Brown's complaints to Defendant The School District.

90. Defendant The School District d/b/a Rowland by its inaction, made it clear it would not take steps to protect Plaintiff Doe from Defendant MH.

91. Consequently, Plaintiff Brown was forced to remove Plaintiff from Defendant Rowland and transfer her to a school farther away.

92. Defendant Newtown and/or employees of Defendant The School District and/or Defendant Rowland began calling the Detective assigned to investigate the case.

93. The individuals who called the Detective, accused Plaintiff Doe of having a social media and posting inappropriate things.

94. Plaintiff Doe does not have social media and Plaintiff Doe's phone at the time could only place calls to emergency numbers.

95. Additionally, the individuals who placed these calls made accusations that Defendant MH had a picture of Plaintiff Doe's breasts that she had sent him.

96. This was untrue.

97. Upon information and belief, Detective Powell determined such facts were untrue.

98. Upon information and belief, Defendant Newtown and/or employees of Defendant The School District and/or Defendant Rowland placed such phone calls and made such allegations in retaliation for Plaintiff Doe and Plaintiff Brown's complaints to Defendant The School District.

99. Additionally, Plaintiff Brown filed a complaint with The School District against Defendant Principal Newtown on November 7, 2018, well prior to the above rape, alleging that multiple male students, including Defendant MH, and another defendant with the last initial "M", had been inappropriately touching Plaintiff Doe in a sexually aggressive manner and

saying inappropriate remarks to her since the beginning of the 2018-2019 school year.

100. Thereafter, Defendants failed to take appropriate action to prevent the sexual assault on Plaintiff Doe.

101. Plaintiff Doe had told the gym teachers at Defendant Rowland and Mr. Burns at Rowland.

102. Upon information and belief the gym teachers and Mr. Burns told Defendant Principal Newtown about the inappropriate touching and remarks; no action was taken.

103. Plaintiff Brown requested in the complaint that Mr. Burns and the other gym teachers be held accountable for Plaintiff Doe making reports to them since September of 2018 and having not acted since.

104. The Department of Education Office for Civil Rights ("OCR") publishes a "Dear Colleague Letter" ("DCL") on sexual harassment for educational institutions. *Dear Colleague Letter*. U.S. Dept. of Educ. Off. of Civil Rights. (April 4, 2011), https://www2.ed.gov/about/offices/list/ocr/letters/colleague-201104.pdf. See Exhibit A.

105. The DCL discusses “Title IX’s requirements related to student-on-student sexual harassment, including sexual violence, and explains schools’ responsibility to take immediate and effective steps to end sexual harassment and sexual violence.” Id. at 2. It states that “[i]f a school knows or reasonably should know about student-on-student harassment that creates a hostile environment, Title IX requires the school to take immediate action to eliminate the harassment, prevent its recurrence, and address its effects.” Id. at 4.

106. The DCL also includes the following:

- A school’s grievance procedures must “provid[e] for the prompt and equitable resolution or sex discrimination complaints.” Id at 8.
- Schools must provide equitable grievance procedures. “Throughout a schools Title IX investigation, including any hearing, the parties must have an equal opportunity to present relevant witnesses and other evidence. The complainant and the alleged perpetrator must be afforded similar and timely access to any information that will be used at the hearing.” Id at 11.
- “Grievance procedures should specify the time frame within which: (1) the school will conduct a full investigation of the complaint; (2)

both parties receive a response regarding the outcome of the complaint; and (3) the parties may file an appeal, if applicable. Both parties should be given periodic status updates. Based on OCR experience, a typical investigation takes approximately 60 calendar days following receipt of the complaint. Whether OCR considers complaint resolutions to be timely, however, will vary depending on the complexity of the investigation and the severity and extent of the harassment." Id. at 12.

- "Recipients must ensure that employees designated to serve as Title IX coordinators have adequate training on what constitutes sexual harassment, including sexual violence, and that they understand how the recipient's grievance procedures operate" Id. at 7.
- In addition, "[a]ll persons involved in implementing a recipient's grievance procedures (e.g., Title IX coordinators, investigators, and adjudicators) must have training or experience in handling complaints of sexual harassment and sexual violence, and in the recipient's grievance procedures." Id at 12.
- "A school should notify a complainant of the right to file a criminal complaint, and should not dissuade a victim from doing so either

during or after the school's internal Title IX investigation." Id @ 10.

- "Schools should not wait for the conclusion of a criminal investigation or criminal proceeding to being their own Title IX investigation and, if needed, **must take immediate steps to protect the student in the educational setting**. For example, a school should not delay conducting its own investigation or taking steps to protect the complainant because it wants to see whether the alleged perpetrator will be found guilty of a crime." (emphasis added) Id at 10.
- "The Title IX regulations require that each recipient publish a notice of nondiscrimination stating that the recipient does not discriminate on the basis of sex in its education programs and activities, and that Title IX requires it not to discriminate in such a manner, ID at 6.
- Additionally, "[t]he notice must be widely distributed to all students, parents of elementary and secondary students, employees, applicants for admission and employment, and other relevant persons... OCR therefore recommends that a recipient's nondiscriminatory policy state that prohibited sex discrimination covers sexual harassment, including sexual violence, and that the policy include examples of the types of conduct that it covers." Id at 6.

- "In addition to ensuring full compliance with Title IX, schools should take proactive measures to prevent sexual harassment and violence, OCR recommends that all schools implement preventative education programs and make victims resources, including comprehensive victim services, available. Schools may want to include theses education programs in their (1) orientation programs for new students, faculty, staff, and employees; (2) training for students who serve as advisors in residence halls; (3) training for student athletes and coaches; and (4) school assemblies and 'back to school nights.' These programs should include a discussion of what constitutes sexual harassment and sexual violence, the school's policies and disciplinary procedures, and the consequences of violating these policies." Id at 14.
- "Title IX requires a school to take steps to protect the complainant as necessary, including taking interim steps before the final outcome of the investigation. The school should undertake these steps promptly…' Id at 15.
- "Schools should be aware that the complaints of sexual harassment or violence may be followed by retaliation by the alleged perpetrator or

his or her associates. For instance, friends of the alleged perpetrator may subject the complainant to name-calling and taunting. As part of their Title IX obligations, schools must have policies and procedures in place to protect against retaliatory harassment." Id at 16.

- "Depending on the specific nature of the problem, remedies for the complainant might include, but are not limited to: providing an escort to ensure that the complainant can move safely between classes and activities; ensuring that the complainant and alleged perpetrator do not attend the same classes; moving the complainant or alleged perpetrator to a different residence hall or, in the case of an elementary or secondary school student, to another school within the district; providing counseling services; providing medical services; providing academic support services, such as tutoring…" Id at 16.
- "Requiring the school to create a committee of students and school officials to identify strategies for ensuring that students: (1) know the school's prohibition against sex discrimination, including sexual harassment and violence; (2) recognize sex discrimination, sexual harassment, and sexual violence when they occur; (3) understanding how and to whom to report any incidents; (4) know the connection

between alcohol and drug abuse and sexual harassment or violence; (5) feel comfortable that school officials will respond promptly and equitably to reports of sexual harassment or violence;" Id at 18.

- "Conducting periodic assessments of student activities to ensure that practices and behavior of students do not violate the school's policies against sexual harassment and violence;" Id at 18.
- "Conducting, in conjunction with student leaders, a school or campus 'climate check' to assess the effectiveness of efforts to ensure that the school is free from sexual harassment and violence and using the resulting information to inform future proactive steps that will be taken by the school." Id at 18.

107. Defendant The School District d/b/a Rowland violated all the above requirements of Title IX.

108. Plaintiff Doe was excluded from the opportunity to participate in education because of the severe sexual assault and harassment.

109. Defendant TThe School District d/b/a Rowland failed to take any steps, let alone reasonable steps, to keep Defendant MH from sexually assaulting Plaintiff Doe.

110. Plaintiff Doe was denied equal educational opportunities due to

Defendants' failure to act and deliberate indifference which subjected Plaintiff Doe to a violent rape and the hands of Defendant MH.

111. Defendants did not ensure that all faculty educated students on sexual harassment and sexual violence.

112. Furthermore, under Title IX, the accuser and accused have equal rights, such as the right to:

- Have an adviser of choice present during the process (this includes an attorney if allowed at all by schools);
- Present evidence or have witnesses speak on their behalf;
- Have timely access to information that will be used at the hearing;
- Be present at pre-hearing meetings that provide an opportunity to present their testimony;
- receive the final hearing decision in writing at the same time as the other party without being required to sign a non-disclosure agreement; and
- have the right to appeal a final decision.

113. Defendants violated Plaintiff Doe's rights under Title IX by failing to provide all of the above.

114. Defendants failed to comply with the requirements of state law for

distribution of relevant policies.

115. Plaintiff Doe complained, by and through her mother Plaintiff Brown, to an official of Defendants who has authority to address the discrimination and to institute corrective measures on Defendants behalf and said officials had actual knowledge of discrimination and failed to adequately respond.

116. At all times material, Defendants acted with deliberate indifference to the discrimination.

117. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff Doe suffered severe emotional distress and physical ailments.

118. Plaintiff Doe has also suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses,

119. As Defendants' conduct has been malicious, willful, outrageous, conducted with full knowledge of the law, and with reckless indifference, Plaintiff demands Punitive Damages as against Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION**
**ASSAULT AND BATTERY**
**(asserted by Plaintiff Doe by her mother Plaintiff Brown)**
**(against Defendant MH)**

120. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint.

121. Defendant MH, intentionally, willfully, unlawfully and without justification struck and then raped Plaintiff Doe causing severe physical and emotional injuries. Defendant MH, being larger and stronger than Plaintiff Doe, continued to hold her down to the ground with his body weight so Plaintiff Doe was helpless, and covered her mouth with his hand so Plaintiff Doe would not and could not scream.

122. Plaintiff Doe did not, expressly or impliedly, give consent to the actions of Defendant MH.

123. Defendant MH is liable for the assault and battery upon the Plaintiff Doe.

124. The assault and battery of Plaintiff Doe by Defendant MH was a direct and proximate cause of the injuries and damages to the Plaintiff Doe.

125. Plaintiffs were unable to locate a current address for the minor Defendant MH.

126. Plaintiffs were able to locate two last known addresses for minor Defendant MH's parents.

127. Plaintiffs, by and through undersigned counsel, hired a process server to effectuate service on minor Defendant MH and/or his parents at those addresses.

128. Those attempts were unsuccessful. Individuals who were presented indicated that they did not know minor Defendant MH or his parents.

129. Plaintiffs agree to dismiss this count without prejudice at this time.

130. A juvenile court proceeding in this matter is still pending and upon information and belief, will be scheduled in the foreseeable future.

131. Plaintiffs believe that service will be successfully effectuated at that time.

132. Thus, Plaintiffs withdraws, or alternatively agrees to dismiss, this cause of action without prejudice at this time.

133. Plaintiffs will seek leave to amend this complaint to assert these claims against minor Defendant MH after service is effectuated. See Federal R. Civ. P. 159a) (Courts "freely give leave to amend when justice so requires"), 15(c) (Amendments "relate back" to the date of the original pleasing), and 15(d) (Plaintiff may "serve a supplemental pleading setting out any

transaction, occurrence, or event that happened after the date of the pleading to be supplemented").

**AS A SECOND CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(asserted by Plaintiff Doe by her mother Plaintiff Brown and Plaintiff Brown)**
**(against all Defendants)**

134. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint.

135. Defendants intentionally caused severe emotional distress to the Plaintiff Doe and Plaintiff Brown by their intentional actions and/or their deliberate indifference to the discrimination and sexual harassment of Plaintiff Doe by minor Defendant MH and other male classmates.

136. Defendants' discriminatory, sexually violent, and intolerable treatment, including but not limited to Defendant MH's senseless physical attack upon Plaintiff Doe was a direct and proximate cause of Plaintiff Doe's severe pain, emotional distress, and mental anguish.

137. Additionally, the failure to act and lack of response, by agents and employees of Defendant The School District d/b/a Rowland, to Defendant MH's sexual harassment of Plaintiff Doe, directly led to the violent rape of

Plaintiff Doe, and were a direct and proximate cause of Plaintiff Doe's severe pain, emotional distress, and mental anguish.

138. As a direct and proximate result of Defendants' intentional and indifferent conduct, Plaintiff Doe suffered severe pain, emotional distress, and mental anguish as a result of being sexually harassed, attacked and raped.

139. The actions of or failure to act, on the part of Defendant Cobb, Crowder and Burney-Knight, after learning of Plaintiff Doe's rape caused Plaintiff Brown severe pain, emotional distress, and mental anguish.

140. As a direct and proximate result of Defendants' intentional and indifferent conduct, Plaintiff Brown suffered severe pain, emotional distress, and mental anguish as a result of learning that her minor daughter was raped while at school.

141. Plaintiffs withdraws, or alternatively agrees to dismiss, this cause of action, as it related to minor Defendant MH only, without prejudice at this time.

142. Plaintiffs will seek leave to amend this complaint to assert these claims against minor Defendant MH after service is effectuated. See Federal R. Civ. P. 159a) (Courts "freely give leave to amend when justice so requires"),

15(c) (Amendments "relate back" to the date of the original pleasing), and 15(d) (Plaintiff may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented").

**AS A THIRD CAUSE OF ACTION**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**in the alternative**
**(asserted by Plaintiff Doe by her mother Plaintiff Brown and Plaintiff Brown)**
**(against ALL defendants)**

143. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint.

144. Defendant MH, negligently caused severe emotional distress to the Plaintiff Doe by his extremely negligent actions and breach of his duty of care, including but not limited to the senseless physical attack upon the PLAINTIFF which directly led to her physical and emotional injuries.

145. As a direct and proximate result of Defendant MH's extremely negligent, reckless, and indifferent conduct, Plaintiff Doe suffered severe pain, emotional distress, and mental anguish as a result of being sexually harassed, attacked and raped.

146. Additionally, negligent failure to act and response, by agents and employees of Defendant The School District d/b/a Rowland, to Defendant MH's sexual harassment of Plaintiff Doe, which directly led to the violent rape of Plaintiff Doe, were a direct and proximate cause of Plaintiff Doe's severe pain, emotional distress, and mental anguish.

147. As a direct and proximate result of Defendants' negligent and indifferent conduct, Plaintiff Doe suffered severe pain, emotional distress, and mental anguish as a result of being sexually harassed, attacked and raped.

148. The negligent actions of or failure to act, on the part of Defendant Cobb, Crowder and Burney-Knight, after learning of Plaintiff Doe's rape caused Plaintiff Brown severe pain, emotional distress, and mental anguish.

149. As a direct and proximate result of Defendants' negligent and indifferent conduct, Plaintiff Brown suffered severe pain, emotional distress, and mental anguish as a result of learning that her minor daughter was raped while at school.

150. Plaintiffs withdraws, or alternatively agrees to dismiss, this cause of action, as it related to minor Defendant MH only, without prejudice at this time.

151. Plaintiffs will seek leave to amend this complaint to assert these claims against minor Defendant MH after service is effectuated. See Federal R. Civ. P. 159a) (Courts "freely give leave to amend when justice so requires"), 15(c) (Amendments "relate back" to the date of the original pleasing), and 15(d) (Plaintiff may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented").

**AS A FOURTH CAUSE OF ACTION**
**DISCRIMINATION UNDER TITLE IX**
**(20 U.S.C. § 1681, *et seq.*)**
**(asserted by Plaintiff Doe by her mother Plaintiff Brown)**
**(against Defendant Harrisburg School District d/b/a Rowland Academy)**

152. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint.

153. The sex-based harassment articulated in the Plaintiffs' Statement of Facts was so severe, pervasive, and objectively offensive that Plaintiff Doe was deprived of access to educational opportunities or benefits provided by the school.

154. Defendant The School District d/b/a Rowland created and/or subjected Plaintiff Doe to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), because:

a. Plaintiff Doe was a member of a protected class;
b. She was subjected to sexual harassment in the form of a sexual assault by another student;
c. She was subject to harassment based on her sex; and
d. She was subjected to a hostile educational environment created by Defendant The School District d/b/a Rowland's lack of policies and procedure and failure to properly investigate and/or address the sexual assault and subsequent harassment.

155. Defendant The School District d/b/a Rowland and it's officials had actual knowledge of the sexual assault and rape of Plaintiff DOE created by its failure to investigate and discipline Plaintiff Doe's attacker in a timely manner and consistent with its own policy and federal and state law.

156. Defendant The School District d/b/a Rowland failure to promptly and appropriately respond to the sexual harassment, and rape of the Plaintiff Doe, resulted in Plaintiff Doe, on the basis of her sex, being excluded from

participation in, being denied the benefits of, and being subjected to discrimination in Defendant The School District d/b/a Rowland's education programs in violation of Title IX.

157. Defendant The School District d/b/a Rowland failed to take immediate, effective remedial steps to resolve the complaints of sexual harassment and rape and instead acted with deliberate indifference toward Plaintiff Doe.

158. Defendant The School District d/b/a Rowland, persisted in its actions and inaction even after it had actual knowledge of the harm suffered by Plaintiff Doe.

159. Defendant The School District d/b/a Rowland engaged in a pattern and practice of behavior designed to discourage and dissuade students and parents of students who had been sexually assaulted from seeking prosecution and protection, and from seeking to have sexual assaults be fully investigated.

160. This policy and/or practice constituted disparate treatment of females and had a disparate impact on female students.

161. Plaintiff Doe has suffered emotional distress and psychological damage as a direct and proximate result of Defendant The School District d/b/a Rowland's deliberate indifference to her rights under Title IX.

162. Defendant The School District d/b/a Rowland had actual knowledge that the Defendant MH, the student rapist, had engaged in sexual inappropriate behavior at Rowland Academy, in school activities, and during school hours. Defendant The School District d/b/a Rowland acted with deliberate indifference with respect to addressing the sexual misconduct that the institution knew was occurring.

163. Plaintiff Doe's educational experience was permeated with discriminatory intimidation, ridicule and insult that was sufficiently severe or pervasive so as to alter the conditions of the plaintiff's educational environment.

164. As a direct and proximate result of Defendant The School District d/b/a Rowland's conscious wrongful actions, Plaintiff Doe has suffered severe emotional distress resulting in damages supported by medical evidence.

**AS A FIFTH CAUSE OF ACTION**
**RETALIATION UNDER TITLE IX**
**(20 U.S.C. § 1681, *et seq.*)**
**(asserted by Plaintiff Doe by her mother Plaintiff Brown and Plaintiff Brown)**
**(against Defendant Harrisburg School District d/b/a Rowland Academy)**

165. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint.

166. Under 20 U.S.C. § 1681 (a) retaliation also constitutes discrimination.

167. After Plaintiff Doe, by and through her mother Plaintiff Brown, complained of discrimination, Defendant The School District d/b/a Rowland agents and/or employees retaliated against Plaintiff Doe by, failing to take prompt and appropriate action, banning her mother from the school, contacting the assigned detective making false and defamatory remarks, failing to afford Plaintiff Doe a hearing with the right to preserve evidence, and not removing Defendant MH, or Plaintiff Doe, from shared classes, or finding an alternate suitable educational program for Plaintiff Doe.

168. After Plaintiff Doe, by and through her mother Plaitniff Brown, complained of discrimination, Defendant The School District d/b/a Rowland agents and/or employees retaliated against Plaintiff Brown by failing to take prompt and appropriate action, banning Plaintiff Brown from the school,

contacting the detective assigned to the rape investigation and making false and defamatory remarks, failing to keep Plaintiff Brown informed regarding Plaitniff's Doe education, and failing to respond to Plaintff Brown reqests for communication, explaination,

169. As a direct and proximate result of Defendant The School District d/b/a Rowland's conscious wrongful actions, Plaintiff Doe has suffered severe emotional distress resulting in damages supported by medical evidence.

**AS A SIXTH CAUSE OF ACTION**
**VIOLATION OF THE CONSTITUTIONAL RIGHTS OF PLAINTIFFs**
**UNDER 42 U.S.C.A. §1983**
**(asserted by Plaintiff Doe by her mother Plaintiff Brown)**
**(against Defendants The School District d/b/a Rowland, Knight-Burney, Principal Newtown, and Crowder)**

170. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint.

171. Plaintiff Doe claims the Defendants violated 42 U.S.C. § 1983, which states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or

> other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

172. The Fourteenth Amendment of the United States Constitution states in relevant part that "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

173. Defendant The School District d/b/a Rowland, Defendant Knight-Burney, Defendant Principal Newton, and Defendant Crowder engaged in a pattern and practice of behavior that put Plaintiff Doe at a high risk of being sexually assaulted. Specifically, Defendant Rowland and Defendant Crowder has a policy concerning bathroom passes. That policy, however, did not limit the number of students that could be granted a bathroom pass at

any given time despite there being only one gender neutral bathroom in the basement.

174. Defendant The School District d/b/a Rowland, Defendant Knight-Burney, Defendant Principal Newton, and Defendant Crowder engaged in a pattern and practice of behavior designed to discourage and dissuade students and parents of students who had been sexually assaulted from seeking prosecution and protection, and from seeking to have sexual assaults be fully investigated.

175. This policy and/or practice constituted disparate treatment of females and had a disparate impact on female students and specifically Plaintiff Doe.

176. Plaintiff Doe is a female minor whom Defendants denied equal protection of the laws by discriminating against her on the basis of her gender and age.

177. There is no important interest held by the Defendants in, inter alia, a) not removing Defendant MH from the school prior to him sexually assaulting Plaintiff Doe; b) not disciplining Defendant MH prior to the sexual assault and rape; c) not providing more security within the school to prevent the said attack on Plaintiff Doe; d) not providing a chaperone for Plaintiff Doe on her way to the bathroom; e) not taking energetic steps to intervene when the

sexual assault was heard outside the bathroom by an employee of the Defendant School; f) not having proper education of the students to prevent said sexual attacks; g) allowing Plaintiff DOE to go to the bathroom unattended and unguarded.

178. The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Defendants from depriving any person of life, liberty, or property without due process of law.

179. Defendants denied Plaintiff Doe her right to life, liberty, or property without due process of law by allowing Plaintiff to be sexually assaulted and raped by another student

180. Each of the Defendants violated the Plaintiff Doe's constitutional rights as set forth herein, including but not limited to Due Process and equal protection.

181. Defendants violated the above section as set forth herein.

182. Defendants further violated 42 U.S.C.A. §1983 by not protecting Plaintiff Doe's fundamental right to bodily integrity, as outlined above.

183. Defendants violated 42 U.S.C.A. §1983 by discriminating against Plaintiff on the basis of sex by allowing the above-mentioned sexual attack to occur.

184. As a direct and proximate result of Defendant The School District d/b/a Rowland's conscious wrongful actions, Plaintiff Doe has suffered severe emotional distress resulting in damages supported by medical evidence.

**AS A SEVENTH CAUSE OF ACTION**
**NEGLIGENCE**
**(asserted by Plaintiff Doe by her mother Plaintiff Brown and Plaitniff Brown)**
**(against ALL defendants)**

185. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint

186. Defendants owed Plaintiff Doe a duty to properly educate their students and staff of sexual violence and assault and to take all other appropriate measures to prevent sexual violence against their students.

187. Defendants had a duty to Plaintiff Doe and Plaintiff Brown to act in loco parentis of the Plaintiff Doe.

188. Defendants also had a duty to take appropriate action to protect Plaintiff Doe from Defendant MH and the effects of the sexual violence after the incident.

189. Defendants also knew or should have known of the deviant sexual and/or social propensities of Defendant MH and failed to take appropriate action.

190. At no point did Defendants discipline Defendant MH or remove him from the school for the harassment reported by Plaintiff Doe's mother, Plaintiff Brown, in November of 2018.

191. At no point did Defendants take appropriate steps to protect Plaintiff Doe from being sexually assaulted and violently raped by Defendant MH.

192. Nor was any effort made to separate Plaintiff Doe and Defendant MH.

193. On the contrary, notwithstanding Plaintiff Doe's frequent complaints, and only after Plaintiff Brown physically kept Plaintiff Doe home, did Defendants remove Defendant MH from Plaintiff Doe's classes.

194. Defendants breached these duties when it remained idle in the face of known student-on-student harassment in its school.

195. Even after Plaintiff Doe was raped, Defendants still did not make any efforst to prevent Defendant MH from making contact with Plaintiff Doe, and Plaintiff Doe was forced to endure the torture of being in the presence of her rapists, Defendant MH, every day at school. Plaintiff Doe was forced to relive the sexual assault again and again every time she saw Defendant MH.

196. Defendants had a duty to act in loco parentis of the Plaintiff Doe and Plaintiff Brown.

197. Defendants were negligent in allowing Plaintiff Doe to be sexually attacked and raped.

198. Defendants blatantly breached that duty.

199. Defendants were further negligent in, inter alia, a) not removing the offending student from the school prior to him sexually assaulting Plaintiff DOE; b) not disciplining the offending student prior to the sexual assault and rape; c) not providing more security within the school to prevent the said attack on Plaintiff DOE; d) not providing a chaperone for Plaintiff DOE on her way to the bathroom; e) not taking energetic steps to intervene when the sexual assault was heard outside the bathroom by an employee of the Defendant School; f) not having proper education of the students to prevent said sexual attacks; g) allowing Plaintiff DOE to go to the bathroom unattended and unguarded; and h) allowing the offending student access to Plaintiff DOE on school property when the two of them were alone.

200. As a result, Plaintiff DOE was damaged in an amount to be determined at the time of trial.

**AS AN EIGHTH CAUSE OF ACTION**
**VIOLATION OF A STATE PRIVACY LAW**
**(asserted by Plaintiff Doe by her mother Plaintiff Brown)**
**(against Defendant MH)**

201. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint.

202. Under Pennsylvania Restatement (Second) of Torts §625(B) Intrusion Upon Seclusion provides that:

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his [her] private affairs or concerns, is subject to liability to the other for invasion of his [her] privacy, if the intrusion would be highly offensive to a reasonable person.

203. Defendant, MH, violated Pennsylvania Restatement (Second) of Torts § 625(b), by entering the bathroom occupied by Plaintiff and proceeding to violently rape her.

204. Plaintiffs were unable to locate a current address for the minor Defendant MH.

205. Plaintiffs were able to locate two last known addresses for minor Defendant MH's parents.

206. Plaintiffs, by and through undersigned counsel, hired a process server to effectuate service on minor Defendant MH and/or his parents at those addresses.

207. Those attempts were unsuccessful. Individuals who were presented indicated that they did not know minor Defendant MH or his parents.

208. Plaintiffs agree to dismiss this count without prejudice at this time.

209. A juvenile court proceeding in this matter is still pending and upon information and belief, will be scheduled in the foreseeable future.

210. Plaintiffs believe that service will be successfully effectuated at that time.

211. Thus, Plaintiffs withdraws, or alternatively agrees to dismiss, this cause of action without prejudice at this time.

212. Plaintiffs will seek leave to amend this complaint to assert these claims against minor Defendant MH after service is effectuated. See Federal R. Civ. P. 159a) (Courts "freely give leave to amend when justice so requires"), 15(c) (Amendments "relate back" to the date of the original pleasing), and 15(d) (Plaintiff may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented").

**AS A NINTH CAUSE OF ACTION**
**NEGLIGENCE**
**(asserted by Plaintiff Doe by her mother Plaintiff Brown)**
**(against Defendants The School District, Knight-Burney, and Principal Newtown)**

213. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint.

214. At all times relevant herein, the employees and agents of Defendant The School District d/b/a, were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures put in place by Defendants.

215. Defendants Knight-Burney and Principal Newtown acted in contravention to their duty of care to Plaintiff Doe, negligently, carelessly and recklessly by failing to properly hire, train, supervise, control, direct and monitor their employees, security staff and agents in their duties and responsibilities.

216. As a direct and proximate result of the acts and omissions of Defendants The School District d/b/a Rowland, Knight Burney, and Principal Newtown, the Plaintiff Doe was wrongfully and unlawfully attacked, harassed, and raped at The School District d/b/a Rowland, in and/or near the presence of agents and employees of Defendants The School District d/b/a Rowland, Knight-Burney, and Principal Newtown.

217. Defendants had a duty to act in loco parentis of the Plaintiff Doe.

218. Defendants breached that duty when they failed to investigate and take appropriate remedial measures after Plaintiff Doe by and through her mother Plaintiff Brown reported sexually harassing, inappropriate and unlawful behavior of Defendant MH and other male students.

219. Defendants breached that duty when they failed to investtigate the sexual assault and rape of Plaintiff Doe was a driect and proximate result of the breach of duty by Defendants.

220. Defendants breached that duty when they failed to iake any remedial action after the learned of the sexual assault and rape of Plaintiff Doe was a driect and proximate result of the breach of duty by Defendantst

221. Defendants were further negligent in, inter alia, a) not removing Defnedant MH from the school prior to him sexually assaulting Plaintiff

Doe; b) not disciplining the offending student prior to the sexual assault and rape; c) not providing more security within the school to prevent the said attack on Plaintiff Doe; d) not providing a chaperone for Plaintiff Doe on her way to the bathroom; e) not taking energetic steps to intervene when the sexual assault was heard outside the bathroom by Defendant Cobb, an employee of Defendant The School District d/b/a Rowland; f) not having proper education of the students to prevent said sexual attacks; g) allowing Plaintiff Doe to go to the bathroom unattended and unguarded; and h) allowing the offending student access to Plaintiff Doe on school property when the two of them were alone.

**AS A TENTH CAUSE OF ACTION**
**NEGLIGENCE**
**(asserted by Plaintiff Doe by her mother Plaintiff Brown)**
**(against Defendants The School District, Knight-Burney, and Principal Newtown)**

222. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

223. At all times relevant herein, the employees and agents of Defendant The School District d/b/a Rowland were acting under the direction and control,

and pursuant to the rules, regulations, policies and procedures put in place by Defendant The School District d/b/a Rowland.

224. Defendants acted in contravention to their duty of care to Plaintiff Doe, negligently, carelessly and recklessly by failing to properly hire, train, supervise, control, direct and monitor their employees and security staff and agents in their duties and responsibilities.

225. Defendants were further negligent in failing to have enough and adequately trained staff to prevent said attack on Plaintiff Doe.

226. As a direct and proximate result of the acts and omissions of Defendants, the Plaintiff Doe was wrongfully and unlawfully attacked, harassed, and raped at Defendant The School District d/b/a Rowland in and/or near the presence of agents and employees of Defendants The School District d/b/a Rowland.

## JURY DEMAND

Plaintiff Jane Doe and Plaintiff Brown request a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the law permits and the Court deems just and proper.

Dated: Philadelphia, Pennsylvania
October 18, 2019

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for PLAINTIFFS*

By: _ */s/ Catherine W. Smith, Esq.*______

Catherine W Smith, Esquire
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
(215) 391-4790